UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRI D. WOOD,

    Plaintiff,

v.                                    Case No. 8:16-cv-3477-T-33AAS

WAL-MART STORES, EAST, LP,

    Defendant.
_____/

**ORDER**

This cause comes before the Court *sua sponte*. Plaintiff Terri D. Wood originally initiated this slip-and-fall action in state court on September 30, 2016. Thereafter, on October 24, 2016, Defendant Wal-Mart Stores, East, LP, served Plaintiff with a request for admissions, asking Plaintiff to admit, among other things, that "Plaintiff is alleging damages in excess of $75,000.00." (Doc. # 1-1 at 18-19). On November 14, 2016, Plaintiff admitted alleging damages in excess of $75,000. (Id. at 21-22). Relying on Plaintiff's admission, Defendant removed to this Court on the basis of diversity jurisdiction on December 23, 2016. (Id. at ¶¶ 1, 4-8).

"Federal courts have limited subject matter jurisdiction . . . ." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-

61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

In this case, Defendant relies solely upon Plaintiff's admission that Plaintiff is alleging damages in excess of $75,000 to invoke this Court's diversity jurisdiction. "However, a plaintiff's mere concession that the amount-in-controversy exceeds $75,000 is insufficient because

2

'[j]urisdictional objections cannot be forfeited or waived.'" Eckert v. Sears, Roebuck and Co., No. 8:13-cv-2599-T-23EAJ, 2013 WL 5673511, at *1 (M.D. Fla. Oct. 17, 2013) (citation omitted) (remanding removed action where defendant solely relied on plaintiff's admission to amount in controversy); see also MacDonald v. Circle K Stores, Inc., No. 6:08-cv-1825-Orl-22DAB, 2009 WL 113377 (M.D. Fla. Jan. 16, 2009) (remanding slip-and-fall case where removal was based on plaintiff's responses to requests for admissions and interrogatory answers regarding the amount in controversy). Because Defendant has failed to carry its burden of establishing the jurisdictional amount-in-controversy threshold, this action is remanded for lack of subject-matter jurisdiction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This action is **REMANDED** to state court for lack of subject-matter jurisdiction. Once remand is effected, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of December, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

3